UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CADLEROCK JOINT VENTURE, L.P.,          :

                Plaintiff,          :

      - against -                            :   **REPORT AND**
                                                                 **RECOMMENDATION**
EDWIN NEGRON,                              :   **TO THE HONORABLE**
                                                                 **RICHARD J. HOLWELL**[*]

                Defendant.          :   10 Civ. 4553 (RJH) (FM)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/21/2011

------------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

I.    <u>Introduction</u>

        Plaintiff CadleRock Joint Venture, L.P. ("CadleRock") commenced this action to recover on a promissory note executed by defendant Edwin Negron ("Negron"). On October 25, 2010, Your Honor granted CadleRock's motion for a default judgment against Negron as to liability, but directed that the matter be referred to me to conduct an inquest regarding damages. (ECF Nos. 9, 11). CadleRock subsequently filed inquest papers <u>sua sponte</u> on February 15, 2011. (ECF Nos. 12, 13). Because Negron had not received – and therefore had not had any opportunity to respond to – those papers, I gave him an opportunity to do so by October 21, 2011. (<u>See</u> ECF No. 15). Negron, however, has not made any submission to this Court.

---

       [*]    This Report and Recommendation was prepared with the assistance of Erika Hart Mayo, a student at the University of California, Hastings College of the Law.

For the reasons set forth below, I now recommend that CadleRock be awarded judgment against Negron in the amount of $125,072.44, consisting of unpaid principal in the amount of $101,108.18, plus interest through February 15, 2011, in the amount of $23,429.76, late fees in the amount of $109.50, and costs and expenses in the amount of $425. CadleRock also is entitled to recover interest, at the rate of $28.06 per diem, from February 16, 2010, through the date final judgment is entered.

II.     Standard of Review

In light of Negron's default, CadleRock's well-pleaded allegations concerning issues other than damages must be accepted as true. See Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Time Warner Cable of N.Y.C. v. Barnes, 13 F. Supp. 2d 543, 547 (S.D.N.Y. 1998).

Additionally, although a plaintiff seeking to recover damages against a defaulting defendant must prove its claim through the submission of evidence, the Court need not hold a hearing as long as it has (a) determined the proper rule for calculating damages, see Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999), and (b) the plaintiff's evidence establishes, with reasonable certainty, the basis for the damages specified in the default judgment, see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997). Here, because both requirements have been met, a hearing is unnecessary.

III.   Facts

CadleRock's complaint and inquest papers establish as follows:

CadleRock is a limited partnership organized under the laws of the state of Ohio, where its principal place of business is located.  (ECF No. 1 ("Compl.") ¶ 1).  Negron is an individual residing in Washingtonville, New York.  (Id. ¶ 2).  The Court therefore has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

On January 14, 2006, Negron signed a balloon promissory note ("Note"), payable to Aames Funding Corporation, d/b/a Aames Home Loan ("Aames"), in the principal amount of $102,900, in connection with the financing of a single-family home.  (Id. ¶ 5; Aff. of Yvonne Lepor, dated Feb. 15, 2011 (ECF No. 17) ("Lepor Aff."), Ex. A (Note)).  Four days later, on January 18, 2008, Aames assigned the Note to CadleRock.  (Compl. ¶ 6; Note at 4).  Pursuant to the terms of the Note, Negron was required to make monthly payments of $912.93 (calculated at an interest rate of 10.13 percent) and a balloon payment of principal on February 1, 2021.  (Note at 1).  Negron further agreed to pay a late charge of two percent with respect to any late payment of principal or interest.  (Id. at 2).

The Note provided that in the event of default, the Note holder could accelerate Negron's obligations to pay principal and interest, provided that Negron was given thirty days advance notice in writing.  (Id.)  Additionally, upon his default, Negron would become liable for the costs and expenses of collection, including reasonable attorneys' fees.  (Id.).

3

After Negron's default, CadleRock sent the requisite notice on May 17, 2010. (Compl. ¶ 12). Thereafter, however, Negron failed to repay the Note. (Id.). By virtue of his uncured default, CadleRock is entitled to recover the amounts set forth in the Note.

IV.  Discussion

    A.  Outstanding Principal

In its complaint, CadleRock sought to recover a principal balance of $101,053.17 as of May 17, 2010. (Id. ¶ 13). In its inquest papers, however, CadleRock seeks to recover principal in the amount of $101,108.18. (Affirm. of Stephen Vlock, Esq., dated Feb. 15, 2011 (ECF No. 12) ("Vlock Affirm."), ¶ 7), a difference of $55.01. Since the complaint is not verified and CadleRock's inquest papers are supported by the affidavit of its account officer and a computerized payoff statement (see Lepor Aff. ¶¶ 8-9 & Ex. C), I have assumed that the latter sum is correct.[1] Accordingly, CadleRock is entitled to recover outstanding principal in the amount of $101,108.18.[2]

---

[1]  The affidavit that CadleRock originally filed was unsigned. This defect has since been corrected. (See ECF Nos. 13, 17).

[2]  In March 2009, the parties agreed to a workout, pursuant to which CadleRock agreed to waive the interest due as of March 23, 2009, and to reduce the principal on the Note to $80,000 and the interest rate to 6.5 percent, on the condition that the remaining installments be paid on schedule on the first of each month. (See Lepor Aff. ¶ 7 & Ex. B). The letter memorializing these terms further provided that if timely payments were not made, the revised arrangements would be "void" and that CadleRock could then collect "the full amount owed, minus any payments received." (Id. Ex. B). Over the next few months, Negron made four payments, each of which was late, but made no payments of any kind after October 7, 2009. (Id. ¶ 9). The workout agreement therefore does not govern CadleRock's recovery here.

B.   Interest

The payoff statement calculates interest at the rate of $28.45 per diem based upon the interest rate of 10.13 percent and a 360-day year.  (Id. Ex. C).  CadleRock fails to explain, however, why interest should not be calculated based on a 365-day year.  If that is the basis upon which interest is calculated, the per diem rate is $28.06.  Between April 1, 2008 (when CadleRock became the Note holder), and February 15, 2011 (when CadleRock filed its inquest papers), per diem interest accrued for 1,034 days, resulting in total accrued interest in the amount of $29,014.04.  During this same period, however, Negron made sporadic payments totaling $6,439.13, of which $5,584.28 was applied to interest.  The net interest due and owing through February 15, 2011, therefore, is $23,429.76.  Accordingly, CadleRock should be awarded interest in that amount, plus per diem interest in the amount of $28.06 from February 16, 2011, through the date final judgment is entered.

C.   Late Fees

Pursuant to the terms of the Note, Negron agreed to pay a late fee of two percent on any interest or principal payment made more than fifteen days after the first of the month.  (Note ¶ 6(A)).  Since the Note provided for monthly payments of $912.93, the applicable late fee is $18.25 per month.  After CadleRock became the holder of the Note, Negron made a total of nine payments, six of which were late.  CadleRock therefore should be awarded late fees in the amount of $109.50.

D.      Fees and Costs

Pursuant to the Note, CadleRock is entitled to recover the costs and expenses it incurs in enforcing the Note.  (Id. ¶ 6(E)) ("[T]he Note Holder will have the right to be paid back by [Negron] for all of its costs and expenses in enforcing this Note, whether or not a lawsuit is brought, to the extent not prohibited by applicable law.  Those expenses include, for example, reasonable attorneys' fees.").  In its inquest papers, CadleRock has provided no information concerning its attorneys' fees.  It has, however, submitted a copy of its process server's invoice in the amount of $75.  (Vlock Affirm. Ex. D).  The Court also can take judicial notice that CadleRock incurred a filing fee in the amount of $350 when the complaint was filed.  (See ECF No. 1). Accordingly, Cadlerock is entitled to $425 in costs and expenses.

V.      Conclusion

For the reasons set forth above, CadleRock should be awarded judgment in the amount of $125,072.44, consisting of unpaid principal in the amount of $101,108.18, plus interest through February 15, 2011, in the amount of $23,429.76, late fees in the amount of $109.50, and costs and expenses in the amount of $425.  CadleRock also is entitled to recover per diem interest in the amount of $28.06 per day from February 16, 2010, through the date final judgment is entered.

IV.     Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule

6

72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Holwell and to the chambers of the undersigned at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Holwell. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

Dated:   New York, New York
         November 21, 2011

FRANK MAAS
United States Magistrate Judge

Copies to:

Stephen Vlock
Vlock & Associates, P.C.
Fax: (212) 557-7283

Edwin Negron
32 Capital Drive
Washingtonville, New York 10992